STATE of Missouri, Respondent,

v.

Steven Wayne TOLAND, Appellant.

No. 50274.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 11, 1986.

Motion for Rehearing and/or Transfer
Denied April 8, 1986.

Application to Transfer Denied
May 13, 1986.

Debra A. Buie, St. Louis, for appellant.

William L. Webster, Atty. Gen., Kevin B. Behrndt, Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of first degree assault, for which he was sentenced to fifteen years imprisonment. Defendant asserts the trial court erred in 1) refusing to give a jury instruction on the justifiable use of force in self-defense and 2) refusing to allow defendant to testify as to victim's reputation for aggression. We affirm.

While at work in a linen plant on July 12, 1984, defendant's supervisor (Brooks) asked him to stay overtime to dry some clothing. Defendant refused, and Brooks suspended him, instructing defendant to come back the next day to discuss the incident. At a meeting the next day, the plant manager initially fired defendant, but after talking to a labor union representative offered defendant his job back. Defendant refused the offer, and walked out of the office.

The next evening, defendant returned to the plant, looking for the plant manager. An employee at the plant told defendant to leave or she would call the police, and defendant left. Two evenings later, supervisor Brooks was walking through the plant with a supervisor trainee (Clutts) when they encountered defendant and a companion, neither of whom were employees of the plant. Defendant made derogatory remarks toward Brooks. Supervisor Brooks asked Clutts to "do something" to get defendant out of the plant while she called the police. When defendant refused to leave, Clutts pushed him back towards the door. Defendant then stabbed Clutts in the stomach with a three inch knife and fled.

In his first point relied on, defendant asserts the trial court erred in refusing to give a proffered jury instruction on the justifiable use of force in self-defense. MAI–CR2d 2.41.1. We disagree.

There are four basic requirements for a self-defense instruction when deadly force is used: 1) an absence of aggression or provocation on the part of the defender; 2) a real or apparently real necessity for the defender to kill in order to save himself from an immediate danger of serious bodily injury or death; 3) a reasonable cause for the defender's belief in such necessity; and 4) an attempt by the defender to do all within his power consistent with his personal safety to avoid the danger and the need

to take a life. *State v. Chambers,* 671 S.W.2d 781, 783 (Mo. banc 1984).

■ The issue of justification is only submitted to the jury if supported by the evidence. *State v. Ehlers,* 685 S.W.2d 942, 948 (Mo.App.1985). The trial court in the first instance determines the sufficiency of the evidence to submit justification by self-defense to the jury. *State v. Grier,* 609 S.W.2d 201, 203 (Mo.App.1980). We view the evidence in the light most favorable to defendant's hypothesis of self-defense. *State v. Potter,* 657 S.W.2d 694, 698 (Mo. App.1983).

Defendant was trespassing when he entered the plant. He was also carrying a knife. Clutts knew defendant had a knife when he asked him to leave. Defendant refused to leave. Clutts did push defendant with his hands towards a door. Defendant admitted he could have left without stabbing Clutts. Significantly, nothing blocked defendant's path of retreat to an exit. Clutts was merely pushing defendant towards the door. Defendant also admitted he had consumed four or five beers in the two hours prior to the stabbing, and that he "wasn't thinking too clearly" and "didn't know what was going on."

■ We do not believe the trial court abused its discretion in refusing to give a jury instruction on self-defense. Defendant was clearly the initial aggressor in the confrontation with Clutts. It is also clear defendant could have retreated and exited through a nearby door. Defendant's diminished capacity due to alcohol consumption does not excuse his use of excessive force. We find no error.

■ In his second point relied on, defendant asserts the trial court erred in refusing to allow testimony concerning the victim's specific violent acts towards other employees. We disagree. Victim's general reputation for violence may not be shown by specific violent acts against others. *State v. Maggitt,* 517 S.W.2d 105, 107 (Mo. banc 1974). Defense counsel's offer of proof contained no facts relating to defendant's general reputation in the community. This point is denied.

Affirmed.

DOWD, P.J., and REINHARD, J., concur.