David PERKINS-BEY,
Defendant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 52118.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 21, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 18, 1987.

Application to Transfer Denied
Sept. 15, 1987.

David Hemingway, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Movant appeals denial of post conviction relief under Rule 27.26. Movant was convicted of robbery first degree, Section 569.-020 RSMo 1978, and tampering first degree, Section 569.080 RSMo 1978. We affirmed the convictions. *State v. Perkins,* 679 S.W.2d 410 (Mo.App.1984).[1] Defendant was sentenced to serve a term of imprisonment of sixteen years for robbery and a concurrent six year term for tampering. The motion court considered movant's pro se motion. No amended motion was filed by appointed counsel. The court held an evidentiary hearing, entered findings of fact and conclusions of law and denied relief.

We find movant's second claim of error decisive. The testimony of movant, movant's trial counsel, an investigator for trial counsel and movant's alibi witness supports the only possible conclusion that mov-

1. In the opinion we noted the defense was identification. It was alibi and *mis* identification by witnesses for the state.

ant was denied effective assistance of counsel and is entitled to a new trial.

We review under the limitation that we are to determine whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j). Credibility in this civil proceeding is for the trial court, but is not an issue in this appeal because the testimony of movant's trial counsel and his investigator was offered by the state.

■ In order to succeed movant must allege facts not refuted by the record which warrant relief by indicating the nature of the prejudice claimed. *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App. 1977). Defendant alleged that his trial counsel failed to prepare for trial by failing to interview alibi witnesses who, if called, would testify that he was with them at the time the charged crime occurred elsewhere. According to movant's testimony and testimony of his trial counsel, movant told his appointed trial counsel that he was at home with his mother at the time the crimes charged were committed. The motion was sufficient to present the issue.

Movant's testimony that he informed his appointed counsel of his alibi defense and the name of his mother as a witness is undisputed. Trial counsel testified that he requested his investigator to contact defendant's mother. He supplied her telephone number to the investigator. Trial counsel and the investigator testified for the state and said that they talked with defendant's mother by telephone. There is no testimony that they asked about the details of the alibi defense or that they obtained any information from defendant's mother which would have confirmed or refuted the alibi. Trial counsel "talked with her within a day or two of the trial and asked her to please come down, because it always helps to have some family members in the courtroom and show that somebody's there." He offered no testimony that he ever asked movant's mother about the alibi during telephone conversations. He never met her in person and did not make any effort to subpoena her as a witness. The investigator testified that she "telephonically conversed" with movant's mother. She made appointments, but "Mrs. Walters [movant's mother] failed to appear, she never did show up." The motion court did not enter any finding of fact or conclusion of law that the failure of counsel to interview movant's mother, an identified alibi witness, or the failure to subpoena movant's mother in that capacity was effective or ineffective assistance of counsel.

■ In *Stokes v. State*, 688 S.W.2d 19, 23–24 (Mo.App.1985), the court considered a claim of ineffective assistance of counsel and said:

> To establish this, Movant must show counsel did not exhibit the customary skill and diligence exercised by a reasonably competent attorney under similar circumstances. *Tate v. State*, 675 S.W.2d 89, 90–91 [2], (Mo.App.1984). Movant must 'show that there is a reasonable probability [sic] that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 [19], 80 L.Ed.2d 674, 698 (1984); *Smith v. State*, 674 S.W.2d 638, 640 [4, 5] (Mo.App.1984).

■ The right to counsel guaranteed by state and federal constitutions includes the right to effective assistance thereof. *Thomas v. State*, 516 S.W.2d 761, 764 (Mo. App.1974). The duty to render effective counsel encompasses an obligation to investigate the evidence available on behalf of one's client. *Id.* Such investigation, however, would be an empty duty if counsel, having obtained the evidence, fails to take the steps necessary to produce the evidence at trial: "A competent lawyer's duty is to utilize every voluntary effort to persuade a witness who possesses material facts and knowledge of an event to testify and then, if unsuccessful, to subpoena him to court in order to allow the judge to use his power to persuade the witness to present material evidence." *Eldrige v. Atkins*, 665 F.2d 228, 235 (8th Cir.1981).

Movant's trial counsel was aware of movant's alibi defense and the identity of a supporting witness who was readily available. The evidence before the motion court, offered by both sides, is conclusive that given this knowledge trial counsel failed to diligently pursue the defense. The presence of the alibi witness may not have changed the result, but the probability cannot be ignored and meets the minimum standard of undermining confidence in the outcome. The identification testimony in the underlying trial was not overwhelming. The motion court took judicial notice of the trial transcript and made no finding on this basis that no prejudice resulted from the alleged failure of trial counsel.

The state responds that the failure to subpoena, as distinguished from the failure to interview and prepare for trial, was not before the court. We disagree. Unfortunately, appointed counsel did not file an amended motion under Rule 27.26 and the motion court proceeded on the pro se motion. It alleged that trial counsel failed to sufficiently prepare for trial. This allegation does encompass failure to subpoena. Significantly, the failure to interview defendant's mother represents the underlying lack of diligence and the failure to subpoena merely enhances the deficiency. In order for counsel to be effective he must, at a minimum, interview an available alibi witness. It is understandable, but not an excuse that no subpoena was issued for a witness not interviewed when considering a claim of ineffective assistance of counsel. Counsel had a duty to investigate the evidence available on behalf of his client. *Thomas v. State*, 516 S.W.2d at 764. The movant court concluded as a matter of law that trial counsel "took all reasonable steps toward *locating* the named witnesses that were provided him by movant." This conclusion is refuted by the state's own evidence if "locating" was intended by the motion court to mean "all reasonable steps to interview named witnesses." Movant and his mother testified that she was not contacted by trial counsel or anyone on behalf of trial counsel. The evidence fully supports a finding by the trial court that she was contacted. Trial counsel and his investigator so testified. However, the crucial question is did movant receive effective assistance of counsel merely because appointments to interview were made and broken, absent any evidence that the question of alibi was ever discussed by telephone or otherwise and absent a subpoena for the witness to appear at trial. The obvious answer is all reasonable steps to investigate and present favorable evidence were not taken for the failure of which there is a "probability" the result of the proceeding would have been different. Movant testified during the trial on the criminal charges. We conclude movant is entitled to a new trial. We reverse.

PUDLOWSKI, P.J., and CRANDALL, J., concur.