Steven W. TOLAND, Appellant,

v.

STATE of Missouri, Respondent.

No. 52957.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied
March 2, 1988.

Application to Transfer Denied
April 19, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Movant was convicted by jury of first degree assault, Section 565.050 RSMo 1978, and sentenced to fifteen years imprisonment. The conviction was affirmed on appeal. *State v. Toland,* 708 S.W.2d 293 (Mo.App.1986). Movant sought to have his conviction vacated pursuant to Rule 27.26. The motion court, following an evidentiary hearing, denied relief and movant now appeals that decision. We affirm.

A full statement of the facts is given in the opinion on direct appeal. In brief, movant was convicted by jury of first degree assault in connection with the July 12, 1984 stabbing of his supervisor, Steve Clutts. The trial court refused to give a jury in-

struction on self defense and this court affirmed that decision on direct appeal.

Movant's sole point on appeal is that the motion court erred in finding that movant was not denied effective assistance of counsel. Movant contends his trial attorney did not exercise customary diligence and skill because he failed to make even minimal efforts to investigate the charges pending against movant and instead relied on movant to furnish names of potential witnesses.

Our review of motions for post-conviction relief is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Laws v. State,* 708 S.W.2d 182, 185 (Mo.App.1986). The findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with the definite and firm belief that a mistake has been made. *Burton v. State,* 745 S.W.2d 185, 186 (Mo.App.E.D. 1987).

To establish a claim of ineffective assistance of counsel movant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under same or similar circumstances, and that he was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Love v. State,* 670 S.W.2d 499, 501 (Mo. banc 1984). Counsel is presumed competent, *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986), and movant bears the heavy burden of establishing there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Rule 27.26(f); *Martin v. State,* 712 S.W.2d 14, 16 (Mo. App.1986). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the case. *Perkins–Bey v. State,* 735 S.W.2d 170, 171 (Mo.App.1987).

In support of his Rule 27.26 motion, movant called three witnesses to testify at his evidentiary hearing, Greg Taylor, Sandy Russell and Tracey Trentman Hill.

Two of these witnesses, Taylor and Russell, testified they had not been contacted by movant's trial attorney to testify on movant's behalf. Each witness testified they had observed the fight, and that the victim, prior to being stabbed, had been the initial aggressor and had attempted to choke movant. The thrust of this testimony would have supported movant's claim of self-defense. Movant's trial counsel, David Fischer, also testified.

After hearing the evidence, the motion court entered findings of fact and conclusions of law. Specifically, the court found that as to witness Greg Taylor, no one, including the police, movant's counsel or even movant, knew that he was a possible witness to the event. The second witness, Sandy Russell, allegedly told movant's mother that she had witnessed the fight. However, Ms. Russell never contacted movant's trial attorney and never spoke to anyone else about the incident. Movant's mother did not testify.

Movant's trial counsel, David Fischer, testified that the names of Greg Taylor and Sandy Russell were never given to him as possible witnesses and their names never arose during investigation of the case. However, movant's mother told him the name of a woman named "Turley" as a possible witness. He never was able to reach her and there never was any testimony regarding such witness at the motion hearing.

The motion court found Mr. Fischer's testimony to be more credible than movant's "vague assertions" that these names had been given to his attorney. Accordingly, the court found that attorney Fischer was not aware that Taylor and Russell were possible witnesses and that failure to produce them was not ineffective representation. We find nothing clearly erroneous in the court's findings and conclusion on the failure to somehow discover and to call Taylor and Russell as witnesses.

■ As to the final witness, Tracey Trentman Hill, the motion court found that movant's trial counsel had interviewed the witness and intended to present her testimony at the trial. However, this witness did not testify and the court found that her failure to appear was the result of her own tardiness. In this respect, *Perkins–Bey v. State*, 735 S.W.2d 170 (Mo.App.1987) upon which movant relies does not apply. This court there found that movant received ineffective assistance of counsel when his trial attorney dilatorily failed to *interview* and *present* known alibi witnesses. However, here, the witness was interviewed by movant's counsel and although expected to testify did not appear until after the case ended. The court specifically noted that the testimony of this particular witness would have added "little if anything to the testimony of defendant [-movant] as to what happened on the evening of the stabbing.... The testimony is identical to that of the defendant [-movant] ..." For these reasons, the motion court concluded that movant was not denied effective assistance of counsel by the failure to offer the testimony of Ms. Hill.

Defense counsel interviewed witness Hill and arranged for her court testimony. He must have concluded her testimony was beneficial. Even if her testimony would have exactly duplicated movant's testimony, it may have been helpful to his defense. But the test we consider is whether defense counsel failed to employ customary skill and diligence. The evidence supports a finding that it was the witness and not defense counsel who deprived movant of the benefit of her testimony. The same evidence does not require a finding that defense counsel did not perform effectively or that the motion court's contrary finding was erroneous. The claim of error is failure to "make even minimal efforts to investigate." This is refuted, not supported, by the experience with witness Hill.

Judgment affirmed.

SMITH and KELLY, JJ., concur.