**STATE of Missouri, Respondent,**

v.

**Robert M. HAYES, Appellant.**

**No. WD 41958.**

Missouri Court of Appeals,
Western District.

Jan. 23, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1990.

Application to Transfer Denied
April 17, 1990.

Gregory C. Wells, Columbia, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

KENNEDY, Judge.

Movant's Rule 29.15 motion charged ineffective assistance of counsel in (among other things) counsel's failure to interview and call alibi witness Barbara Carver in movant's 1986 trial for forcible rape. The trial resulted in movant's conviction and a sentence of 15 years' imprisonment. The conviction was affirmed by this court by per curiam order. *State v. Hayes,* 724 S.W.2d 276 (Mo.App.1986). The trial court after an evidentiary hearing denied movant's Rule 29.15 motion and he appeals to this court. For reasons which we will explain, we reverse.

Movant was convicted of the forcible rape of Brenda Crocker which occurred in the early morning hours of October 6, 1985. Both the movant, Robert M. Hayes, and the victim had been at a party at Michael Johnson's house. When asked what time she had left the party, Brenda said: "Around 2:30. I am not for sure." From the Michael Johnson house she walked toward her own apartment residence, which was located a few blocks away. According to her testimony, Robert M. Hayes followed her out of the Michael Johnson's house, accosted her and forced her into a carport of an empty house located in the same block as the Michael Johnson home, but across the street, and forcibly raped her.

The testimony of Robert M. Hayes at the trial was that he had had consensual sex with Brenda Crocker at the party at Michael Johnson's house, but that he had left the party at about 2:15 a.m. and had gone to Barbara Carver's house, arriving there at about 2:30 a.m. He testified that he spent the rest of the night at Barbara Carver's house. He denied that he had raped Brenda Crocker after she left the party and was on her way home.

Barbara Carver was not called as a witness to testify in support of Robert M. Hayes' alibi defense.

Robert M. Hayes' trial defense counsel testified at the motion hearing with respect to Barbara Carver, as follows:

> I believe that she was somebody that we had considered or talked to. I don't remember. . . . I don't remember whether we [interviewed Barbara Carver in preparation for the trial] or not. . . . I don't have any memory of talking to her. I remember her name. That's about it. . . . I think that she was an alibi witness, I believe, or was attempting to be an alibi witness. . . . Alibi didn't make any sense because we're talking about a consent defense. So I felt that that wouldn't be logical to say you weren't at the scene, yet to claim a consent. . . .

Barbara Carver testified on the motion hearing that Robert M. Hayes came to her house on the morning of October 6, 1985, "around 2:30 or so". At another point in her testimony she placed the time at 2:30, omitting the "or so". She testified she was able to fix the time because she had looked at the clock. She said she would have testified to that effect had she been called as a witness in the criminal trial. She had testified at Robert M. Hayes' parole revocation hearing. (Robert M. Hayes was on probation for a previous burglary at the time of the rape. The probation was revoked as a result of the alleged rape.)

The trial judge in denying movant's 29.15 motion found as a fact: "The partial alibi presented by Ms. Carver did not necessar-

ily account for the time the rape was alleged to have occurred." The court further found: "The potential witness, Ms. Carver, was known to [trial counsel] and not called as her partial alibi testimony was not consistent with the consent defense presented by the movant at trial." The trial court concluded also that Barbara Carver's testimony would only have been cumulative to the movant's own testimony.

While it is true that Barbara Carver's testimony if believed by the jury would not have positively placed defendant at her house at the time the rape testified to by Brenda Crocker was being committed, still · there can be no doubt that Barbara Carver's testimony would have been strongly corroborative of Robert M. Hayes' trial testimony. The jury could have believed that Robert M. Hayes arrived at Barbara Carver's residence at 2:30 a.m., and that the rape testified to by Brenda Crocker did not occur until shortly after 2:30 a.m.[1]

There is nothing inconsistent between Robert M. Hayes' testimony of the consensual sex with Brenda Crocker in the bathroom of the Michael Johnson house while the party was in progress, and before either he or Brenda Crocker had left, and the defense of alibi for the later rape testified to by Brenda Crocker. The act of consensual sex and the later act of rape referred to different incidents.

Robert M. Hayes' counsel does not attempt to justify on the grounds of trial strategy his omission to call Barbara Carver as a witness at the rape trial. The decision not to call a witness is left to trial counsel's discretion and is most often excused as a matter of trial strategy. *Young v. State*, 761 S.W.2d 725, 728 (Mo.App. 1988). Counsel may and often does elect not to call a witness because he judges the witness's testimony will not be helpful and may be damaging. *Davis v. State*, 761 S.W.2d 636 (Mo.App.1988).

In this case no attempt is made to justify on the ground of trial strategy the failure to call Barbara Carver as a witness. Counsel himself in his Rule 29.15 motion hearing testimony mentioned only the inconsistency between an alibi defense and a consent defense—but as we have noted above, the defense offered at trial was not the alleged victim's consent, but was defendant's denial of the act of which he stood accused, in support of which denial he put forward an alibi.

The trial court's finding that Barbara Carver's alibi testimony would have been merely cumulative cannot justify the omission to present her testimony. The defendant's own testimony on a decisive issue in a case is always received with doubt because of his interest in the result of the case. Corroboration is critical, and corroborative testimony by a single witness can never be discounted as "merely cumulative".

We conclude that counsel's omission to call alibi witness Barbara Carver without having interviewed her and having made a reasoned election not to call her—at least in the absence of any other testimony to corroborate movant's trial testimony—fell below the standard of "the customary skill and diligence exercised by a reasonably competent attorney under similar circumstances". *Perkins–Bey v. State*, 735 S.W.2d 170, 171 (Mo.App.1987). There is a reasonable probability the testimony of Barbara Carver would have produced a different result at the trial. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).

Of course the jury might not have believed Barbara Carver's testimony, but on the other hand it might have believed it; we are unable to say. As Judge Karohl wrote in *Perkins–Bey*, 735 S.W.2d at 172:

> Movant's trial counsel was aware of movant's alibi defense and the identity of a supporting witness who was readily

---

**1.** Victim further testified at the rape trial she was at the party "an hour or so". Michael Johnson, at whose house the party was held, testified the group which included the victim arrived at the house at 1:40. This would place Brenda's departure at 2:40 and the rape later than that.

available. The evidence before the motion court, offered by both sides, is conclusive that given this knowledge trial counsel failed to diligently pursue the defense. The presence of the alibi witness may not have changed the result, but the probability cannot be ignored and meets the minimum standard of undermining confidence in the outcome....

*See also Thomas v. State,* 761 S.W.2d 246, 252–53 (Mo.App.1988); *Poole v. State,* 671 S.W.2d 787, 789 (Mo.App.1983); and *Thomas v. State,* 516 S.W.2d 761, 766–67 (Mo. App.1974).

Defendant's rape conviction is vacated. The case is remanded to the trial court for a new trial.

All concur.