**David McBURNETT, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 55898.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1991.

Application to Transfer Denied
July 23, 1991.

Dave Hemingway, St. Louis, for movant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of his Rule 27.26 [withdrawn in 1988] motion for post conviction relief after an evidentiary hearing. Facts regarding movant's convictions and sentencing are found in *State v. McBurnett*, 694 S.W.2d 769 (Mo.App.1985). On appeal movant alleges the motion court erred in denying his challenge to trial counsel's failure to call an alibi witness at trial because there was nothing incredible about the testimony of movant and the alibi witness that they recalled being together.

The motion court considered movant's pro se motion. No amended motion was filed. The motion court found:

> With respect to movant's contention that trial counsel was ineffective for failing to call alibi witnesses, the Court finds this refuted by [trial counsel's] testimony at the evidentiary hearing. The Court finds the testimony offered by movant incredulous and dismisses it. The Court also notes that the hospital records offered by movant at the hearing would not have provided an alibi for movant in that it was the incorrect date.

The record supports this finding.

Trial counsel testified she investigated the alleged alibi witness. Alibi witness would have testified "they [alibi witness and movant] had gone to a hospital" at the time of the crime. Trial counsel stated she attempted to verify the hospital visit with medical records but was unsuccessful. Trial counsel explained an additional reason for not calling alibi witness, namely the witness was subject to impeachment for knowingly concealing movant from police and then fleeing with movant to Florida.

It is settled that:

> If an attorney believes that the testimony of an alibi witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand.... An assertion against counsel's choice of trial strategy with respect to calling or not calling certain witnesses does not establish ineffective assistance of counsel.

*State v. Turner*, 623 S.W.2d 4, 12 (Mo. banc 1981). Thus, movant's reliance on *State v. Hayes*, 785 S.W.2d 661 (Mo.App. 1990) and *Perkins–Bey v. State*, 735 S.W.2d 170 (Mo.App.1987) is misplaced. In *Perkins–Bey*, we held counsel was ineffective where there was no investigation of an alibi defense. *Id.* at 182. It did not involve a case where counsel investigated and made a reasonable professional judgment the defense was not viable. The facts and decision in *Hayes* was similar and *Hayes* relied on *Perkins–Bey*. *Hayes*, 785 S.W.2d at 663. In the present case counsel was prepared to evaluate use of the defense but chose not to for reasons explained to the motion court. Movant has failed to show counsel fell below the standard of "the customary skill and diligence exercised by a reasonably competent attorney under similar circumstances" in not using the defense. *Perkins–Bey*, 735 S.W.2d at 171.

The findings and conclusions of the motion court are supported by the record and

are not clearly erroneous.  Rule 27.26(j). We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.