Byron WEBSTER, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. 61363.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 29, 1992.

John Klosterman, Elizabeth Haines, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm in part; reverse and remand in part.

Movant was found guilty by a jury of capital murder and the court sentenced him to life imprisonment, said sentence to be served without probation or parole for fifty years. On direct appeal we affirmed the capital murder conviction and sentence.

*State v. Webster*, 659 S.W.2d 286 (Mo.App. 1983).

The evidence adduced at trial revealed that at approximately 12:00 a.m. on June 4, 1981, Steven Horne, George Baker, and Yvonne Harris went to George's mother's house in St. Louis. Steven Horne stayed outside while George and Yvonne went inside the residence. Shortly after 2:00 a.m., two men were heard arguing in the street in front of the Baker home. Subsequently, two gunshots were heard.

Jefferey Baker, Sophia Baker, Evelyn Baker and Yvonne Hawkins all testified that upon hearing the gunshots, they ran to the windows and front door to see what was happening. The four testified that a man, later identified as movant, was standing over Steven Horne, who lay unconscious in the street bleeding profusely. Additionally, movant was seen hitting Horne in the head and face with what appeared to be a gun and was seen subsequently kicking him around the head and shoulders.

Shortly thereafter, the St. Louis Police arrived. Movant tried unsuccessfully to leave the area in Horne's car. Unable to do so, movant left the area on foot, ignoring the officer's order to stop. Movant was arrested the following day. At the time of the arrest, movant was wearing a light colored cap which was later identified by Evelyn Baker, Sophia Baker, Yvonne Hawkins and Ernestine Brown as a cap similar to that worn by the assailant of Steven Horne. Also seized from the movant was a pair of bloodstained tennis shoes.

The victim, Steven Horne, was taken to the hospital where he died from gunshot wounds and a blunt trauma wound of the head. He had multiple lacerations and fractures on both the outside and at the base of the skull. Lacerations of the victim's face appeared as though they were made by the muzzle of a gun. Additionally, there was brain damage due to hemorrhaging of the brain and scalp.

Police investigators later recovered the blue jeans movant was wearing on the night of the murder and blood found on the jeans matched the victim's blood. Further,

fingerprints taken from the victim's car matched those taken of movant.

Movant at all times denied his involvement with the crime, testifying at trial that he was present at the scene of the crime but that an unknown man was responsible for Steven Horne's death.

On June 9, 1988, movant filed a *pro se* Rule 29.15 motion which was later amended in movant's *pro se* first amended Rule 29.15 motion. Movant's motion was denied without an evidentiary hearing and movant appealed from that denial. On appeal this court reversed and remanded movant's case back to the motion court because the record revealed that motion counsel did not provide movant competent representation. *Webster v. State*, 796 S.W.2d 79 (Mo.App. 1990).

Movant's newly appointed motion counsel filed an amended Rule 29.15 motion. The motion court dismissed the motion without an evidentiary hearing, ruling that movant failed to allege facts which, if true, would entitle him to relief.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

■ Movant's principal point on appeal is that an evidentiary hearing should have been granted on movant's claim that trial counsel failed to investigate and call Lamont Brown, an alleged eyewitness to the murder who would have testified that movant did not commit the crime. With respect to this point the motion court, in its conclusions of law, found the following:

11. Movant is not entitled to relief based upon allegation 8k for the reason that movant could not have been prejudiced by his counsel's failure to call as a witness Lamont Brown. Movant's defense was that he was not present at the scene of crime but rather was at the

house of his sister. It appears from movant's allegation that Lamont Brown would have placed movant at the scene and such testimony would have been inconsistent with movant's defense. If Lamont Brown's testimony would have been that movant was not present then the evidence would have been merely cumulative of other testimony. Finally, the Court notes that Lamont Brown was endorsed as a witness by the State.

The State, in its brief, responds to movant's point as follows:

[State] does not contest the fact that the motion court's findings concerning this allegation are erroneous. The motion court incorrectly stated that [movant's] defense was that he was not present at the scene of the crime but rather was at the house of his sister. [Movant] clearly states in his testimony at trial that he was present at the scene, but was not the individual who killed the victim. [Movant] claims that he witnessed another man, who was unknown to him, commit the murder and he went to his sister's house after he witnessed this. The motion court, therefore, erroneously concluded that Mr. Brown's testimony would have been inconsistent with movant's defense.

The motion court also incorrectly concluded that even if Mr. Brown's testimony would have been that movant was not present at the murder scene, then the evidence would have been merely cumulative of other testimony. There were no other witnesses who testified that [movant] was not present. There were also no other defense witnesses who eyewitnessed the shooting. Only one defense witness was present at the scene. He corroborated [movant's] testimony only as far as to the period directly before the shooting. He corroborated [movant's] testimony that before the shooting, a third, unknown person allegedly struck [movant] in the face with a pistol. He then testified that he ran into the house to call the police, and subsequently did not witness the shooting. The only defense testimony to the effect that [movant] did not commit the murder was of-

fered by [movant] himself. Therefore, if [movant's] claims concerning Mr. Brown's testimony are true, they may have aided [movant's] defense and would not have been merely cumulative. *See State v. Hayes*, 785 S.W.2d 661, 663 (Mo. App., W.D.1990). Under these circumstances, [State] believes that this cause should be remanded for an evidentiary hearing on this issue only.

Thus both parties agree that the issue of whether or not trial counsel was ineffective in failing to investigate and call Lamont Brown should be remanded back to the motion court for an evidentiary hearing. Therefore under the circumstances of this case and the posture that it comes to us, we reverse and remand the issue to the motion court for the purpose of holding an evidentiary hearing.[1]

Movant also contends that counsel was ineffective in failing to investigate (1) police officers who would have allegedly testified that movant's hand had been injured prior to the murder incident, and (2) Debra Webster, movant's sister, who would have allegedly testified that she was not present when Detective Atherton claimed Ms. Webster turned movant's clothing over to the police. The testimony of the above potential witnesses would have been used by movant to impeach the testimony of prior State's witnesses and inferences drawn therefrom.

■ Where a movant complains of his attorney's failure to call witnesses, he must allege and show that the witnesses' testimony would have provided a defense. *Robinson v. State*, 643 S.W.2d 8, 9 (Mo. App.1982). Witnesses who merely impeach

the State's witnesses do not provide a movant with a defense to a charged crime. *Lane v. State*, 778 S.W.2d 769, 771 (Mo. App.1989).

■ In this case the alleged testimony of both the police officers and Ms. Webster would not have provided movant with a defense, but would merely have been an attempt to impeach State's witnesses. Thus the motion court's denial of movant's claim with respect to these witnesses was not clearly erroneous. However the case must still be remanded to determine the merit of movant's claim that the alleged testimony of Lamont Brown would have provided movant with a defense.

Judgment affirmed in part; reversed and remanded in part.

AHRENS, P.J., and CRIST, J., concur.

---

**1.** In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), it was held that in order to have a conviction set aside for ineffective assistance of counsel the movant must show his counsel's performance was deficient and the deficiency prejudiced him. As we noted in *Richardson v. State*, 719 S.W.2d at 915–16, *Strickland* permits a judge to proceed directly to the prejudice issue and there movant must show a reasonable probability that, absent the alleged error by counsel, the factfinder would have a reasonable doubt respecting guilt. The court in determining whether reasonable probability exists must consider the totality of the evidence. *Id.*

It would appear that the evidence here was such that the motion court could have found that movant was not prejudiced by counsel's ineffectiveness, if any. See our comments at the end of *State v. Webster*, 659 S.W.2d at 289. Although the court found no prejudice here based upon a reason other than the strength of the State's case, the State does not ask that we affirm this case based upon the second prong of *Strickland*. Thus we are remanding the case to the trial court for an evidentiary hearing at the State's request.