In the
 Missouri Court of Appeals
 Western District
DOMINIQUE A. LINDSEY, )
 )
 Appellant, ) WD84035
 )
v. ) OPINION FILED: October 5, 2021
 )
STATE OF MISSOURI, )
 )
 Respondent. )

 Appeal from the Circuit Court of Jackson County, Missouri
 The Honorable Joel P. Fahnestock, Judge

 Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Karen King Mitchell,
 Judge and Gary D. Witt, Judge

 Dominique Lindsey ("Lindsey") brings this appeal from the Jackson County

Circuit Court ("motion court") challenging the motion court's denial, following an

evidentiary hearing, of his Rule 29.151 motion alleging ineffective assistance of counsel.

Lindsey argues the motion court erred in denying his Rule 29.15 motion because his trial

counsel ("trial counsel") was ineffective in failing to adequately investigate a potential

 1
 All rule references are to Missouri Supreme Court Rules (2018), unless otherwise indicated.
alibi witness and then call that witness to testify during trial. We affirm the decision of

the motion court.

 Statement of Facts

 At all relevant times, Lindsey lived with his mother, Stephanie Wright, and her

husband, Ewon Wright, who was Lindsey's step-father, at the Wright's house in Kansas

City. Mr. Wright had an ongoing frustration with Lindsey because Lindsey did not work

or support himself. The Wrights provided for Lindsey and frequently tried to persuade

him to find a job and take care of himself.

 On July 14, 2015, Mr. and Ms. Wright were preparing to take a trip to visit Mr.

Wright's family. They informed Lindsey he would have to stay somewhere else during

their trip because he had previously caused a fire in the house, and they did not trust him

to be alone in the home. Lindsey became upset they were leaving to visit Mr. Wright's

family, and he began arguing with his mother in front of Mr. Wright. Mr. Wright ordered

Lindsey to stop arguing with his mother, which then led to a verbal altercation between

Lindsey and Mr. Wright. Mr. Wright told Lindsey to "grow up" and "get up off of your

mother's tit." This statement angered Lindsey, and he left Mr. and Ms. Wright's bedroom

for a moment. Lindsey returned to the bedroom with his hand behind his back, and Ms.

Wright could see he was holding a weapon. She asked Lindsey what he was doing, and

she reached toward him to try to retrieve the weapon. Lindsey pushed her out of the way

and shot Mr. Wright three times.

 After shooting Mr. Wright, Lindsey ran out of the house and down the street. Ms.

Wright called 9-1-1 and told the dispatcher that Lindsey had shot her husband, and she
 2
followed their advice to hold pressure on Mr. Wright's wounds. After police and medical

personnel had arrived, Mr. Wright was transported to the hospital, and after multiple

surgeries, he died as a result of complications from the gunshot wounds.

 Lindsey was arrested on January 21, 2016. Lindsey was charged with second-

degree murder, Section 565.021,2 and armed criminal action, Section 571.015. The case

proceeded to a bench trial, and trial counsel argued the State never investigated Ms.

Wright as a potential suspect, never connected the physical evidence found at the scene to

Lindsey, and relied solely on the testimony of a single eyewitness.

 The trial court found Lindsey guilty of murder in the second degree and armed

criminal action and sentenced Lindsey to twenty years' imprisonment for murder in the

second degree and a concurrent term of three years for armed criminal action. Lindsey

appealed, and this Court affirmed the judgment in a per curiam order in State v. Lindsey,

575 S.W.3d 789 (Mo. App. W.D. 2019).

 Lindsey filed a timely pro se Rule 29.15 motion arguing ineffective assistance of

counsel which was later timely amended by appointed counsel. In Lindsey's Amended

Motion, he argued his trial counsel was ineffective for failing to investigate a potential

alibi witness, Damon Williams ("Williams"), and then call Williams as a witness during

trial. The motion court held an evidentiary hearing. Williams testified at the evidentiary

hearing that he was Lindsey's father and had informed trial counsel on two separate

occasions of his availability to be an alibi witness if needed. Although he never provided

trial counsel with the details of the alibi, Williams testified at the evidentiary hearing that

 2
 All references are to R.S.Mo. 2016, as currently updated by supplement, unless otherwise noted.

 3
on the day of the shooting, Lindsey was with him cleaning mold at one of Williams's

rental properties in Raytown. Williams testified that he was available and willing to

testify at trial that Lindsey was with him on the day of the shooting.

 Trial counsel also testified at the evidentiary hearing and stated Williams had only

informed her once about his availability to be an alibi witness, just weeks before trial.

Trial counsel did not investigate Williams's purported alibi because she did not find it to

be credible. Rather, she believed Williams's desire to be an alibi witness was "a

desperate attempt of a father who cared very much for his child to make an effort to

provide a defense that we otherwise may not have." Trial counsel testified Williams

never told her he had an alibi for Lindsey, rather "he suggested that in the event an alibi

defense would be helpful to his son, that he would be willing to offer that." Trial counsel

stated, "It was simply posed to me in the form of a question regarding whether or not that

would be something to potentially help [Lindsey] if an alibi was created."

 The motion court denied Lindsey's Amended Motion for failing to "convince the

Court trial counsel's performance 'fell below an objective standard of reasonableness'

under Strickland." Lindsey appeals the decision of the motion court.

 Standard of Review

 "When reviewing a motion court's denial of a claim of ineffective assistance of

counsel, the reviewing court is limited to a determination of whether the findings and

conclusions of the trial court are clearly erroneous." Hays v. State, 360 S.W.3d 304, 309

(Mo. App. W.D. 2012) (internal quotation marks omitted); Rule 29.15(k). The judgment

is clearly erroneous when "the court is left with a definite and firm impression that a

 4
mistake has been made." Jindra v. State, 580 S.W.3d 635, 640 (Mo. App. W.D. 2019)

(quoting Middleton v. State, 80 S.W.3d 799, 804 (Mo. banc 2002)). We defer to the

motion court's determinations of credibility. Morgan v. State, 319 S.W.3d 514, 517 (Mo.

App. S.D. 2010).

 Analysis

 Lindsey's sole point on appeal argues "trial counsel failed to adequately investigate

when [Lindsey's] father told her that he could provide an alibi and then call [Lindsey's]

father as a witness to testify that [Lindsey] was with him, working at a home in Raytown,

at the time of the shooting in Kansas City."

 To be entitled to post-conviction relief for ineffective assistance of counsel, the

movant must satisfy the two-pronged Strickland test. Jindra, 580 S.W.3d at 641;

Strickland v. Washington, 466 U.S. 668 (1984). First, the movant must show counsel

failed to perform to the degree of skill, care, and diligence that a reasonably competent

attorney would under similar circumstances. Jindra, 580 S.W.3d at 641; Strickland, 466

U.S. at 687. This requires that the movant show that counsel's representation "fell below

an objective standard of reasonableness." Jindra, 580 S.W.3d at 641; Strickland, 466

U.S. at 688. The movant must then show that he was prejudiced by this failure. Jindra,

580 S.W.3d at 641. "Prejudice occurs when there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."

Id. (quoting Johnson v. State, 406 S.W.3d 892, 899 (Mo. banc 2013)). "A movant must

overcome the strong presumption that counsel's conduct was reasonable and effective."

Id.

 5
 "The selection of witnesses and evidence are matters of trial strategy, virtually

unchallengeable in an ineffective assistance claim." Jindra, 580 S.W.3d at 641.

"[S]trategic choices made after less than complete investigation are reasonable precisely

to the extent that reasonable professional judgments support the limitations on

investigation." Strickland, 466 U.S. at 690-91. "In any ineffectiveness case, a particular

decision not to investigate must be directly assessed for reasonableness in all the

circumstances, applying a heavy measure of deference to counsel's judgments." Id. at

691. "To succeed on a claim of ineffective assistance of counsel for failure to call a

witness, [Lindsey] must show that: (1) counsel knew or should have known of the

existence of the witness, (2) the witness could be located through a reasonable

investigation, (3) the witness would testify, and (4) the testimony of the witness would

have produced a viable defense." Hays, 360 S.W.3d at 309-10.

 Lindsey contends that after Williams told trial counsel he was available to be an

alibi witness, trial counsel did not interview Williams and rule out the alibi after an

investigation of the facts. "Without any follow up investigation or questions regarding

the alibi," Lindsey argues, "counsel's determination regarding the alibi was not informed

or reasonable." Trial counsel's failure to investigate Williams's alibi defense, according

to Lindsey, falls below the objective standard of reasonableness.

 Lindsey cites Perkins-Bey v. State, 735 S.W.2d 170, 172 (Mo. App. E.D. 1987), to

support his contention that trial counsel's failure to investigate Williams's alibi rendered

 6
Lindsey's trial counsel ineffective. In Perkins-Bey,3 the defendant informed his trial

counsel he was "at home with his mother at the time the crimes charged were

committed." Id. at 171. "[The defendant's] testimony that he informed his appointed

counsel of his alibi defense and the name of his mother as a witness is undisputed." Id.

The trial counsel never investigated defendant's claims or elicited any information

pertaining to the alibi from the supposed witness, defendant's mother. Id. at 171 ("There

is no testimony that [trial counsel] asked about the details of the alibi defense or that [trial

counsel] obtained any information from defendant's mother which would have confirmed

or refuted the alibi."). The court held trial counsel's failure to investigate defendant's alibi

fell below the objective standard of reasonableness because "all reasonable steps to

investigate and present favorable evidence were not taken for the failure of which there is

a 'probability' the result of the proceeding would have been different." Id. at 172.

 Lindsey's reliance on Perkins-Bey is misplaced. Here, Lindsey never informed

trial counsel he had an alibi. Trial counsel only learned of a potential alibi from

Lindsey's father, Williams. Williams retained trial counsel on his son's behalf.

Williams's statements to trial counsel did not in any way set forth what the nature of the

alibi testimony would be, only that he could be available to provide an alibi if it were

helpful to Lindsey's case. Trial counsel understood this proposition as a "desperate father

trying to help his son," rather than a viable defense worth investigating, and the motion

court found trial counsel's testimony credible. Trial counsel cited her 19-year career as a

 3
 Perkins-Bey involved a claim of ineffective assistance of counsel under Rule 27.26, which was the 1987
analogue to Rule 29.15. The appellate court standard of review for both rules is identical.

 7
criminal defense attorney during the evidentiary hearing as part of her basis for not

further exploring Williams's supposed alibi defense because she believed it did not exist

or would not have been supported by evidence that she was comfortable moving forward

with in trial.

 Further, the motion court heard the testimony of Williams at the motion hearing.

While Williams testified at the motion hearing that he was sure Lindsey was with him

working at a rental house on the day of the murder, he could not provide any

documentation or other support for this assertion merely stating "I could have possibly

found something. I could have looked for receipts for the work that we did at my

property."

 The motion court found trial counsel's testimony credible when she stated that

Williams merely asked her if he provided an alibi for his son if it would be something

that would potentially help, but failed to state that he could in fact provide an alibi for

Lindsey and failed to provide any details as to what that alibi might be and she did not

find his suggestion to be legitimate.

 Instead of pursuing this defense, trial counsel chose to argue the State's failure to

connect the physical evidence to Lindsey, the State's failure to rule out Ms. Wright as a

potential suspect, and the State's limited evidence of only one eyewitness to the shooting

(who may have in fact been the shooter). This defense strategy was reasonable under the

circumstances and does not fall below the objective standard of reasonableness under

Strickland.

 8
 Lindsey was also not prejudiced by trial counsel's decision to not call Williams as

a witness during trial. "Failure to call a witness to testify does not amount to ineffective

assistance of counsel unless that witness's testimony would unqualifiedly support the

movant." Hays, 360 S.W.3d at 310 (internal quotation marks omitted). Failure to call a

witness to testify is sound trial strategy when the testimony may have hurt the defendant

more than it would have helped. See State v. Kelly, 885 S.W.2d 730, 735 (Mo. App.

W.D. 1994).

 Here, trial counsel determined Williams was desperately attempting to help his son

and would not have been a credible witness. Williams is Lindsey's father and Ms.

Wright's ex-partner. Ms. Wright identified Lindsey as the man who shot Mr. Wright, her

new husband. Trial counsel considered the tenor of Williams's offer to be an alibi

witness and the potential risks associated with calling Ms. Wright's ex-partner to the

stand when deciding not to have Williams testify. It was reasonable for trial counsel to

conclude that calling Williams may have hurt Lindsey's case more than it would have

helped. And as a matter of trial strategy, trial counsel argued other theories during

closing argument rather than pursuing an alibi defense. Williams's alibi testimony would

not have unqualifiedly supported Lindsey; therefore, Lindsey was not prejudiced.

Accordingly, the motion court's decision to deny Lindsey's Amended Motion was not

clearly erroneous.

 Appellant's point is denied.

 9
 Conclusion

 For all of the above-stated reasons, we affirm the judgment of the motion court.

 __________________________________
 Gary D. Witt, Judge

All concur

 10