**Arthur MOTON, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

No. 51234.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 8, 1987.

**82**

William E. Dellinger, Columbia, for movant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after a denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty by juries in two separate causes of robbery in the first degree by means of a dangerous and deadly weapon. Although the two causes arose from the same general episode, movant was tried separately on each cause. In the first cause he was sentenced by the court to 12 years' imprisonment and in the second cause to 15 years, to be served consecutively to the 12–year sentence. The appeals of the convictions were consolidated and affirmed by the supreme court in *State v. Moton*, 476 S.W.2d 785 (Mo.1972). In his direct appeal, movant raised the issue of double jeopardy and the supreme court rejected his argument.

Movant then sought federal habeas corpus relief which was denied. *See Moton v. Swenson*, 488 F.2d 1060 (8th Cir.1973), *cert. denied*, 417 U.S. 957, 94 S.Ct. 3086, 41 L.Ed.2d 675 (1974). Subsequently, he was denied relief in a Rule 27.26 proceeding. An appeal of that denial was filed in this court on February 10, 1977, but was withdrawn. The present Rule 27.26 motion was filed in 1986 claiming double jeopardy. The motion court denied the motion without an evidentiary hearing.

On appeal, movant contends the motion court erred because "there is no absolute prohibition against filing successive [Rule 27.26] motions and the court made no finding that the grounds for relief in [movant's] second motion were or could have been raised in his first motion."

Movant's point is without merit. Initially, it appears to us that movant's double jeopardy claim was clearly resolved by the supreme court on direct appeal. *Moton*, 476 S.W.2d at 787–790. Thus, because the issue confronting the motion court was one of law and not of fact, findings of fact were not required. *See Newman v. State*, 703 S.W.2d 71, 72 (Mo.App.1985). Even if the grounds for relief asserted by movant in his present motion were different from those contained in his previous motion, movant nevertheless does not establish in the present motion why he could not have presented those grounds in the original motion. *See* Rule 27.26(d). His claim that he is "a lay person and not learned in the law" is insufficient. *See Newman*, 703 S.W.2d at 72. Moreover, movant cannot claim the double jeopardy issue was unknown to him at the time of his previous motion. He presented it to the trial court, the supreme court, and to the federal courts prior to filing his previous motion. The motion court did not err in denying the motion without an evidentiary hearing and in not issuing findings of fact.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.