**Willis Glenn OWENS,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 53596.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 17, 1988.

Motion for Transfer and/or Transfer to Supreme Court Denied June 22, 1988.

Application to Transfer Denied
July 26, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty on May 14, 1975, of two counts of rape, two counts of first degree robbery, and one count of sodomy in Cause No. 74–1220 and was sentenced to consecutive sentences totaling 16 years' imprisonment. On August 4, 1975, movant pled guilty to one count of attempted rape and one count of first-degree robbery in Cause No. 74–1221 and was sentenced to a total of 10 years' imprisonment to be served consecutively to the sentences imposed in Cause No. 74–1220. Movant received credit for jail time in Cause No. 74–1221; he did not receive credit in Cause No. 74–1220.

Movant sought post-conviction relief under Rule 27.26 in Cause No. 74–1220. Relief was denied and we affirmed in *Owens v. State*, 610 S.W.2d 706 (Mo.App.1981). Movant apparently filed a second Rule 27.26 motion related to Cause No. 74–1220 which was denied without appointment of counsel and without a hearing.

Movant filed the present Rule 27.26 motion, his third regarding Cause No. 74–1220, alleging he should have been credited with jail time. The motion court, apparently believing movant's motion related to Cause No. 74–1221, considered the motion. The court denied movant relief and entered findings of fact and conclusions of law.

Movant does not establish in his present motion why he could not have presented his claim in his first motion; thus, the motion court should not have entertained the motion. *See Moton v. State,* 741 S.W.2d 81, 82 (Mo.App.1987); Rule 27.26(d).[1] That the motion court considered the motion and assigned the wrong reason for denying relief is of no consequence; we must affirm the judgment if it is sustainable on other grounds. *Bannister v. State,* 726 S.W.2d 821, 825 (Mo.App.), *cert. denied* — U.S. ——, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. We have, *ex gratia,* examined movant's claim for relief and find it to be without merit.