**Brad A. HAYS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 73468.**

Missouri Court of Appeals, Western District.

Feb. 7, 2012.

Mark A. Grothoff, Columbia, MO, for appellant.

Shaun J. Mackelprang and Richard A. Starnes, Jefferson City, MO, for respondent.

Before Division Two: GARY D. WITT, Presiding Judge, JOSEPH M. ELLIS, Judge and MARK D. PFEIFFER, Judge.

GARY D. WITT, Judge.

Brad A. Hays[1] appeals the motion court's denial of his Rule 29.15[2] motion for post-conviction relief, following an evidentiary hearing. We affirm.

### Factual Background

Brad Hays ("Hays") was convicted by a jury in Lafayette County of second-degree burglary, felony stealing, first-degree robbery, first-degree burglary, first-degree assault, and armed criminal action.[3] All of these crimes involved a single victim, Alvin Ford ("Ford"), but occurred on two separate dates. The following facts were elicited at trial and are recited in a light most favorable to the verdict.[4]

In 2003, Ford moved to Odessa from Independence following the death of his longtime girlfriend, Cordelia George ("Cordelia").[5] Cordelia's Last Will and Testament bequeathed all of her property to Ford and to her grandson, effectively denying her daughter, Terry George ("Terry"), any inheritance. Ford and Terry did not get along because he disapproved of her drug-addicted lifestyle. Terry contested her mother's Will, which was still pending in the probate court at the time of Hays's criminal trial.

On March 29, 2003, Ford's home was burglarized. Insurance documents and several items of personal property were stolen. A little over one year later, on May 28, 2004, Ford responded to a man knocking at his door. The man identified himself as a census taker and requested Ford's signature. Ford told the man that he knew he was not actually a census taker, and attempted to close the door. The man forced his way into Ford's house, fought with, and eventually subdued Ford. During the fight, the man struck Ford in the head with a pistol several times. Ford was tied up with an electric cord and tape. A second man then entered Ford's home and the two men proceeded to ransack it and steal personal property.

Prior to the burglary Terry had sought Hays's assistance to recover some items of personal property from Ford that had belonged to her mother, Cordelia, and to get even with Ford because she was left out of her mother's Will. Lisa Seevers ("Seevers"), an acquaintance of Hays and Terry, testified that she heard the two discussing this topic one week before the March 2003 burglary, and that Hays later admitted to her that he was involved in that burglary. Additionally, DNA evidence recovered from Ford's home after the 2003 incident placed Hays at the scene. Seevers further testified that on the day of the 2004 burglary, Hays and Steve Kleihauer ("Steve") were at her home discussing a trip to Ford's home to recover some of Terry's property. Seevers traveled with the men to Odessa, where she went to her mother's house rather than accompanying the men to Ford's residence. Hays met with Seevers after the incident, and told her that Steve had tied up Ford and that they had taken items from Ford's house.

---

1. The Appellant's name is spelled in different ways in the record before this Court, including "Brad" and "Bradley" as well as "Hayes" and "Hays." The record supports that "Brad Hays" is correct.

2. Unless otherwise indicated, all rule references are to the Missouri Court Rules (2011).

3. These convictions were affirmed on direct appeal in *State v. Hays*, 258 S.W.3d 839 (Mo. App. W.D.2008).

4. We review the facts in the light most favorable to the jury's verdict. *State v. Elam*, 89 S.W.3d 517, 520 (Mo.App. W.D.2002).

5. Many of the people referred to in this opinion share the same last name. We will use first names to distinguish these various persons. No disrespect or familiarity is intended.

Hays was convicted and sentenced to consecutive terms of seven years for second-degree burglary, seven years for stealing, life for robbery, fifteen years for first-degree burglary, fifteen years for assault, and fifty years for armed criminal action.

Hays filed a *pro se* Motion to Vacate, Set Aside, or Correct Judgment and Sentence in October 2008. The motion was amended by appointed counsel and, in that amended motion, Hays alleged that counsel was ineffective for failing to call Kenneth Kleihauer ("Kenneth") to testify as an alibi for Hays's co-defendant, Steve, and for failing to object to Seevers's testimony that she was "fearful" about testifying against Hays. The motion court held an evidentiary hearing and issued findings of facts and conclusions of law, denying Hays's post-conviction motion. Hays now appeals. Further factual details will be provided as necessary in the analysis section.

In Point One, Hays argues the motion court clearly erred in denying his post-conviction claim because trial counsel was ineffective for failing to call Kenneth as a witness to testify as an alibi for Hays's co-defendant, Steve, for the 2004 crimes and thereby undermining the State's theory that the two acted together on that day.

## Standard of Review

■ When reviewing a motion court's denial of a claim of ineffective assistance of counsel, the reviewing court is limited to "a determination of whether the findings and conclusions of the trial court are clearly erroneous." *Nicklasson v. State*, 105 S.W.3d 482, 484 (Mo. banc 2003); Rule 29.15(k). Error is clear when an examination of the full record definitely and firmly reveals that a mistake was made. *Edwards v. State*, 200 S.W.3d 500, 509 (Mo. banc 2006). "The motion court's findings

of fact and conclusions of law are presumed to be correct." *Id.*

## Analysis

■ "To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test." *Glaviano v. State*, 298 S.W.3d 112, 117 (Mo.App. W.D.2009) (quoting *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009)). "The movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation and that trial counsel's failure prejudiced the defendant." *Id.* Both prongs of this test must be satisfied, and, if Hays fails to satisfy either prong, this court does not need to consider the other. *Gennetten v. State*, 96 S.W.3d 143, 148 (Mo.App. W.D. 2003). Hays bears the burden of proving grounds for relief by a preponderance of the evidence. *Nicklasson*, 105 S.W.3d at 484; Rule 29.15(i).

■ In order to satisfy the performance prong, Hays's burden is to "overcome the presumption that the challenged action is sound trial strategy, and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). The prejudice prong of the test will be satisfied if Hays shows a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ To succeed on a claim of ineffective assistance of counsel for failure to call a witness, Hays must show that: (1) counsel knew or should have known of the existence of the witness, (2) the witness

could be located through a reasonable investigation, (3) the witness would testify, and (4) the testimony of the witness would have produced a viable defense. *Hutchison v. State,* 150 S.W.3d 292, 304 (Mo. banc 2004). "The selection of witnesses is a virtually unchallengeable question of trial strategy." *State v. Kreutzer,* 928 S.W.2d 854, 877 (Mo. banc 1996). The decision not to call a witness "will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." *Hutchison,* 150 S.W.3d at 304.

Hays alleges that his trial counsel was ineffective for failing to interview and call Kenneth as a witness, whose testimony would have provided an alibi for Hays's co-defendant, Steve, and thereby undermined the State's theory that Hays and Steve acted in concert to commit the May 2004 charged crimes. Because Kenneth's testimony could have refuted the theory of the prosecution's case against him, Hays argues that his trial counsel's ineffective assistance in this regard was uniquely prejudicial. We disagree.

At the post-conviction relief hearing, Kenneth did not testify because he could not be located. At the time of the hearing there was a warrant for Kenneth's arrest. The motion court accepted into evidence a transcript of Kenneth's testimony from Steve's trial, wherein Kenneth testified that he and Steve had been working together for Kenneth's construction company on May 28, 2004 at the time of the second burglary. On cross-examination, Kenneth admitted that his company had never advertised, that it had no bank account, that the company van was unregistered and stolen, and that any business records which could verify his testimony had been lost. He also testified that the only other employee of his company working on the project that day had since passed away.

In rejecting Hays's claim, the motion court made a specific finding and conclusion that Hays did not establish by a preponderance of the evidence that trial counsel failed to exercise the level of skill and diligence of reasonably competent counsel and that Hays suffered any prejudice as a result. After a careful review of the record, we conclude that the motion court did not err in refusing to grant Hays's post-conviction relief in this regard.

■ Before we begin, we note that Hays is correct that the motion court misconstrued his claim concerning the failure of counsel to call witness Kenneth. The motion court misconstrued the claim and thought Hays was claiming it was error for his trial counsel not to have called to the stand Steve, his co-defendant. Regardless of the error, we will not reverse the motion court where the court reaches the correct result even if for the wrong reason. *See Walker v. State,* 34 S.W.3d 297, 301 n. 5; *Owens v. State,* 753 S.W.2d 60 (Mo.App. E.D.1988).

■ Failure to call a witness to testify does not amount to ineffective assistance of counsel unless that witness's testimony would "unqualifiedly support" the movant. *Whited v. State,* 196 S.W.3d 79, 83 (Mo. App. E.D.2006). "When the testimony of the witness would only impeach the State's witnesses, relief on a claim of ineffective assistance of counsel is not warranted." *Collis v. State,* 334 S.W.3d 459, 464 (Mo. App. S.D.2011) (quoting *Whited,* 196 S.W.3d at 82). When the testimony of the witness would negate an element of the crime for which a movant was convicted, the testimony provides the movant with a viable defense. *Ferguson v. State,* 325 S.W.3d 400, 416–17 (Mo.App. W.D.2010). Thus, Hays must establish that the witness would have provided him with a defense to the robbery, burglary, assault, or armed

criminal action charges, or that it would have changed the outcome of the trial. *Id.*

■ Here, Hays has failed to demonstrate that Kenneth's testimony would have provided compelling testimony that would have impeached the testimony of any of the State's witnesses. In Steve's trial, Kenneth was subjected to lengthy cross-examination, wherein the prosecutor was successful in illustrating that Kenneth was not a trustworthy witness and that the alibi he testified to on Steve's behalf was not credible. Hays's argument that Kenneth's testimony would have changed the outcome of this case is rebutted by the fact that Steve was convicted despite the alibi Kenneth testified to at his trial.

Moreover, Kenneth's proffered testimony does not negate an element of any of Hays's crimes. If found credible, Kenneth's testimony could have cast some doubt on the State's theory of the case—that Hays and Steve acted in concert—but it would not disprove a single element of robbery, burglary, assault, or armed criminal action. For these reasons, we find the motion court did not err in concluding that trial counsel exercised the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation and that trial counsel's performance did not prejudice the Hays.

Further, no evidence was presented at the evidentiary hearing concerning Kenneth's willingness to testify or even that Hays's counsel was aware of Kenneth as a potential witness at the time of Hays's trial. *See Hutchison,* 150 S.W.3d at 304.

Point One is Denied.

In Point Two, Hays argues the motion court clearly erred in denying his post-conviction claim because his trial counsel was ineffective for failing to object to Seevers's testimony that she was "fearful" of Hays as irrelevant and improper pro-pensity evidence, and had his counsel made these objections, it would have changed the outcome of the trial.

## Standard of Review

When reviewing a motion court's denial of a claim of ineffective assistance, the reviewing court is limited to "a determination of whether the findings and conclusions of the trial court are clearly erroneous." *Nicklasson v. State,* 105 S.W.3d 482, 484 (Mo. banc 2003); Rule 29.15(k). Error is clear when an examination of the full record definitely and firmly reveals that a mistake was made. *Edwards v. State,* 200 S.W.3d 500, 509 (Mo. banc 2006). "The motion court's findings of fact and conclusions of law are presumed to be correct." *Id.*

## Analysis

"To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test." *Glaviano v. State,* 298 S.W.3d 112, 117 (Mo.App. W.D.2009) (quoting *Zink v. State,* 278 S.W.3d 170, 175 (Mo. banc 2009)). "The movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation and that trial counsel's failure prejudiced the defendant." *Id.* Both prongs of this test must be satisfied, and if Hays fails to satisfy either prong, this court does not need to consider the other. *Gennetten v. State,* 96 S.W.3d 143, 148 (Mo.App. W.D. 2003). Hays bears the burden of proving grounds for relief by a preponderance of the evidence. *Nicklasson,* 105 S.W.3d at 484; Rule 29.15(i).

In order to satisfy the performance prong, Hays's burden is to "overcome the presumption that the challenged action is sound trial strategy, and that counsel rendered adequate assistance and made all

significant decisions in the exercise of professional judgment." *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). The prejudice prong of the test will be satisfied if Hays shows a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■■■■■ Failure to object to evidence is not sufficient, in and of itself, to constitute ineffective assistance of counsel. *West v. State*, 244 S.W.3d 198, 200 (Mo.App. E.D. 2008). In order to prevail on a claim of ineffective assistance of counsel for failing to object to evidence, Movant must show that: (1) the objection would have been meritorious, and (2) the failure to object resulted in substantial deprivation of his right to a fair trial. *Id.* "Movant also bears the burden of proving the failure to object was not strategic and was prejudicial." *Id.*

Hays alleges that his trial counsel was ineffective for failing to object to inadmissible testimony. He claims that when Seevers responded affirmatively to the prosecutor asking whether she was "fearful in some way or for any reason about coming forward against [Hays]," his trial counsel should have objected on the bases that the testimony was improper propensity evidence and irrelevant. Hays further claims that, if his trial counsel had made those objections, they would probably have been sustained, the testimony would have been omitted, and there is a reasonable probability that the result of the trial would have been different. We disagree.

At the post-conviction relief hearing, trial counsel testified briefly regarding his decision not to object to Seevers's testimony that she was fearful to come forward against Hays. He said the choice not to object was made strategically, because he did not want to draw the jury's attention to the question and because he believed the question to be "very general."

In rejecting Hays's claim, the motion court made a specific finding and conclusion that, during a witness's testimony, trial counsel must consider that objecting to testimony may draw the jury's attention to it, and he must determine whether the objection will be harmful or beneficial to his client. The motion court determined that Hays did not establish by a preponderance of the evidence that trial counsel's decision not to object fell below the level of skill and diligence of reasonably competent counsel and that Hays suffered any prejudice as a result. After a careful review of the record on appeal, we conclude that the motion court did not err in refusing to grant Hays post-conviction relief in this regard.

To prevail on his claim of ineffective assistance of counsel, Hays must prove first that the objections his trial counsel did not make would have been meritorious. *West*, 244 S.W.3d at 200. We consider first the objection that Seevers's testimony was improper propensity evidence.

■■■■■ A defendant has the right to be tried only on the offense for which he is charged; therefore, prior bad acts and bad character evidence are inadmissible to show that the defendant has a propensity to commit crime. *State v. Hitchcock*, 329 S.W.3d 741, 747–48 (Mo.App. S.D.2011). "Defendant bears the burden of demonstrating that the evidence he challenges constituted inadmissible evidence because of prior bad acts." *Id.* at 748. The challenged evidence is admissible if it does not constitute evidence of specific bad acts or misconduct by Defendant. *Id.* (defendant did not demonstrate with specificity that

his wife feeling "dominated and controlled" by him was a bad act); *See State v. Turner*, 242 S.W.3d 770, 778 (Mo.App. S.D. 2008) (defendant did not demonstrate with specificity that gang membership was a bad act). A witness's vague references do not constitute clear evidence associating defendant with other crimes. *State v. Hornbuckle*, 769 S.W.2d 89, 96 (Mo. banc 1989).

Here, Hays challenges the following colloquy:

> [Prosecutor]: Were you also fearful in some way or for any reason about coming forward against this Defendant?
>
> [Seevers]: Yes
>
> [Prosecutor]: Even sitting here today?
>
> [Seevers]: Yes. I don't want to be here.

■ Seevers's testimony that she was "fearful in some way or for any reason" does not associate Hays with any specific prior crime or act of violence, nor does it indicate that he had been violent at any time. Because the testimony does not specifically reference any uncharged violence, it does not constitute prior criminal or bad act testimony.

■ We turn now to Hays's objection that Seevers's testimony was irrelevant. Evidence must be both logically and legally relevant to be admissible. *State v. Rios*, 314 S.W.3d 414, 421 (Mo.App. W.D. 2010). Logically relevant evidence tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence, or tends to corroborate evidence which is relevant and bears on the principal issue of the case. *Id.* Evidence is legally relevant if its probative value outweighs the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness. *Id.*

■ The credibility of witnesses is always a relevant issue in a lawsuit. *State v. Smith*, 996 S.W.2d 518 (Mo.App.W.D. 1999). This general principal is supported by an instruction requiring the jury to consider "the witness'[s] manner while testifying." MAI–CR 3d 302.01. Evidence that Seevers was fearful about coming forward against Hays is logically relevant to her credibility. Establishing her credibility was especially important in this case, because her testimony implicated Hays in both the 2003 and 2004 crimes, and because she participated in Hays's trial only as a condition of having criminal charges against her dropped. The record indicates that Seevers was visibly nervous and fearful, so evidence which explains her demeanor would assist the jury in measuring her credibility and determining the truthfulness of her testimony. Therefore, evidence that Seevers was fearful is logically relevant.

■ Seevers's testimony was also legally relevant. The probative value of explaining her demeanor and thereby establishing her credibility while testifying far outweighs the possibilities of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness. The testimony was vague, it did not associate Hays with any prior charged or uncharged crimes or acts of violence, and it did not establish a propensity for violence. Thus, the probative value of the evidence is much greater than any risk of prejudice.

■ For the foregoing reasons, the objections that Hays argues trial counsel should have made would not have been meritorious. Counsel cannot be deemed ineffective for failing to make a meritless objection. *Tisius v. State*, 183 S.W.3d 207, 217 (Mo. banc 2006).

To successfully argue ineffectiveness, Hays must overcome the strong presumption that counsel's performance was sound trial strategy. *State v. Clay,* 975 S.W.2d 121, 135 (Mo. banc 1998). To determine whether counsel's failure to object constitutes ineffective assistance, we consider that "in many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes. It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good." *Id.* Counsel testified at the evidentiary hearing that he did not to object to Seevers's testimony because he wanted to avoid drawing attention it, and because it was "very general." This rationale for failing to object is certainly within the range of professional judgment; therefore, Hays has not overcome the presumption that failure to object was a reasonable trial strategy.

Because Hays did not satisfy the performance prong of the two-part test for proving ineffective assistance of counsel, he will not be found to have suffered prejudice. *Gennetten,* 96 S.W.3d at 148. Therefore, the motion court did not clearly err in its denial of Hays's post-conviction motion.

Point Two is Denied.

### Conclusion

For the aforementioned reasons, the motion court's denial of Hays's post-conviction motion is affirmed.

All concur.