

# Missouri Court of Appeals

## Southern District

### In Division

MARQUON DAVIS,      )
     )
     Appellant,      )
     )
vs.      )    No. SD37452
     )
STATE OF MISSOURI,      )    FILED: October 3, 2022
     )
     Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

### Honorable W. Keith Currie, Judge

### **AFFIRMED**

Marquon A. Davis ("Movant") appeals the motion court's denial of his Rule 29.15 amended post-conviction relief ("PCR") motion after an evidentiary hearing.[1]  In his sole point, Movant contends the motion court clearly erred in denying his ineffective assistance of counsel ("IAC") claim that his trial counsel "was ineffective for failing to object at trial to references to unduly prejudicial text messages."  Because Movant's contention is without merit, we affirm.

### **Standard of Review**

This Court's review of the denial of a Rule 29.15 motion for PCR is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous.  Rule 29.15(k); **Williams v. State**, 168 S.W.3d 433, 439 (Mo. banc 2005).  Such "[f]indings and

---

[1] All rule references are to Missouri Court Rules (2022).

conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made." ***Morrow v. State***, 21 S.W.3d 819, 822 (Mo. banc 2000). "When reviewing the denial of [PCR], this Court interprets the facts 'in the light most favorable to the verdict.'" ***Staten v. State***, 624 S.W.3d 748, 750 (Mo. banc 2021) (quoting ***Storey v. State***, 175 S.W.3d 116, 125 (Mo. banc 2005)). This Court presumes the motion court's findings and conclusions are correct. ***Wilson v. State***, 813 S.W.2d 833, 835 (Mo. banc 1991).

## Factual and Procedural Background

A jury returned guilty verdicts against Movant on four counts: (1) unlawful possession of a firearm, *see* section 571.070; (2) receiving stolen property, *see* section 570.030; (3) unlawful use of a weapon, *see* section 571.030; and (4) misdemeanor resisting a lawful detention, *see* section 571.105.[2] The circuit court convicted and sentenced Movant, who was found to be a prior and persistent offender, to concurrent seven-year terms of imprisonment on counts 1 and 2, and, running concurrently with the other sentences, a four-year term of imprisonment on count 3 and one-year in the county jail on count 4.

Movant's conviction for receiving stolen property was affirmed by this Court on direct appeal by way of an unpublished order and statement dated October 9, 2019, in case number SD35571. To set out the facts adduced at Movant's trial, we borrow freely, without any further attribution, as follows from the written statement provided to the parties and attached to the Rule 30.25(b) order affirming the direct appeal.

On July 17, 2017, a semi-automatic handgun was reported stolen in Sikeston, Missouri. On August 29, 2017, Movant sent text messages to Tashima Owens ("Owens") asking her to bring

---

[2] All statutory references are to RSMo (2016), including, as applicable, statutory changes that went into effect on January 1, 2017.

his "strap" to him in Sikeston. She testified "strap" referred to his pistol. A few days later, the stolen handgun appeared in a video recorded with Movant's phone showing his cousin Antwon Davis ("Antwon") holding the handgun while they were in a car.[3]

On September 6, 2017, Movant participated in a "heated" argument outside his sister's house, overheard by a neighbor ("Neighbor") who saw Movant "pull a gun out" and wave it around. Neighbor saw a woman grab Movant's arm while he was holding the handgun. Neighbor called the police for help. When the police arrived, Movant ran away, and threw the handgun down next to the carport on the west side of Movant's sister's house where it was subsequently found by the police. Movant admitted in his testimony at trial he participated in an argument on the day in question, ran from the police, and he knew, as a convicted felon, he was not allowed to have a gun.

Following his convictions, Movant filed a *pro se* PCR motion and subsequently an amended motion was filed by counsel seeking to have those convictions set aside.[4] As relevant here, claim 8(a)(1) alleges "trial counsel was ineffective when she failed to object at trial when the State referenced unduly prejudicial text messages" ("IAC claim"). Movant identifies the text messages at issue as "supposedly sent from [Movant] to [] Owens on August 29, 2017" ("text messages").

Movant's trial counsel initially sought a pre-trial *in limine* ruling prohibiting any reference to the text messages, alleging they were more prejudicial than probative. Following a hearing on

---

[3] Since Antwon Davis and Movant share the same surname, Antwon is referred to by his first name. We intend no disrespect.

[4] Movant's *pro se* and amended PCR motions were timely. *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015); *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). After affirming Movant's conviction on direct appeal, we issued our mandate on October 25, 2019. Appellant timely filed his *pro se* PCR motion on January 6, 2020. *See* Rule 29.15(b). Counsel was appointed, and a thirty-day extension of time was granted on January 10, 2020. Appointed counsel entered his appearance on February 5, 2020. A second thirty-day extension of time was granted on April 8, 2020. Appointed counsel timely filed Movant's amended PCR motion on May 11, 2020. *See* Rules 29.15(g) and 44.01(a).

the motion, the circuit court denied the requested prohibition. Thereafter, during Movant's trial, his trial counsel did not renew the aforementioned objection to the text messages when, during the cross-examination of Owens, the prosecutor initiated the following colloquy:

> Q. You testified that you have not seen [Movant] with a gun; is that correct?
>
> A. Yes.
>
> Q. Okay. On -- on August 29th, of 2017, he texted you, had you come to Sikeston, bring my strap; is that correct?
>
> A. Yes.
>
> Q. And, strap means pistol?
>
> A. Yes.
>
> . . .
>
> Q. He then texted you, I need my f****** pistol, bitch, now you playing with my life; is that correct?
>
> A. Yes.

A transcript of the text messages was not offered or received into evidence. The prosecutor did, however, again quote the "I need my f****** pistol, bitch" language during his re-cross-examination of Owens and later cross-examination of Movant.

Movant premised his IAC claim challenging his trial counsel's failure to object to the text messages on three separate assertions. Movant asserted that (1) "[r]easonably competent trial counsel would have objected on the grounds this question and the reference to the text messages were not relevant because the prejudicial impact was sure to substantially outweigh any probative value" (i.e., the evidence lacked "legal relevance"); (2) "[n]o reasonable trial strategy would justify failing to object on the grounds the text messages were irrelevant and unduly prejudicial"; and (3) "[h]ad this evidence been properly objected to, there is a reasonable likelihood [Movant] would have been acquitted of all counts."

4

Following an evidentiary hearing, the motion court issued a judgment rejecting each of Movant's assertions and denied Movant's IAC claim. The motion court determined that (1) "[w]hile the text messages are indeed prejudicial, they are also probative as to a necessary element of the crime, and the prejudice does not outweigh their probative nature"; (2) "[trial counsel] did not object to the introduction of the text messages for a strategic reason"; and (3) "[t]here was ample evidence to convict Movant of the above-listed crimes even if text messages were excluded from trial."

Movant timely appeals the motion court's judgment.

## Discussion

In order to prevail on a post-conviction motion alleging ineffective assistance of counsel, a movant must overcome a strong presumption of competence and demonstrate, by a preponderance of the evidence, that (1) counsel did not exercise the customary skill and diligence that a reasonably competent attorney would have exercised under the same or similar circumstances, and (2) counsel's failure to exercise such skill and diligence prejudiced the movant in some way. *Strickland v. Washington*, 466 U.S. 668, 687, 689 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). In reviewing such claims, we are not required to examine both prongs; if a movant fails to satisfy the performance prong, we need not consider the prejudice prong, and vice versa. *Strickland*, 466 U.S. at 697; *Sanders*, 738 S.W.2d at 857.

To satisfy the performance prong of the Strickland test, a movant "must identify specific acts or omissions of counsel that resulted from unreasonable professional judgment[,]" which the motion court must find are outside the range of competent assistance. *Peterson v. State*, 149 S.W.3d 583, 585 (Mo.App. 2004). In identifying such acts or omissions of counsel, the movant "must overcome the presumptions that any challenged action was sound trial strategy and that

5

counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." **State v. Simmons**, 955 S.W.2d 729, 746 (Mo. banc 1997).

In order to demonstrate the requisite prejudice, a movant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694. **Strickland** defines "a reasonable probability" as "a probability sufficient to undermine confidence in the outcome." **Id.** As relevant here, "[i]neffective assistance of counsel is rarely found in cases of a failure to object." **Worthington v. State**, 166 S.W.3d 566, 581 (Mo. banc 2005). "It will only be deemed ineffective when the defendant has suffered a substantial deprivation of his right to a fair trial." **Id.**

In his sole point relied on and supporting argument, Movant contends each of the motion court's three aforementioned determinations were erroneous, and, therefore, the motion court clearly erred in denying his IAC claim. Movant's argument, however, fails with regard to the motion court's determination the text messages were legally relevant. Because we can affirm the motion court's judgment on this basis alone, we need not review Movant's remaining challenges.

As applicable here, "[e]vidence must be both logically *and* legally relevant to be admissible." **Hays v. State**, 360 S.W.3d 304, 313 (Mo.App. 2012). "Logically relevant evidence tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence, or tends to corroborate evidence which is relevant and bears on the principal issue of the case." **Id.** "Evidence is legally relevant if its probative value outweighs the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness." **Id.**

Movant concedes the text messages "may have been" logically relevant, but argues the motion court clearly erred in finding they were also legally relevant. According to Movant:

6

> Although the motion court found the [text messages] were probative of the *mens rea* for the receiving stolen property charge, any [of] the probative value of questioning about the [text messages] was extremely low. The [text messages] apparently happened a week before the charged conduct, yet more than a month after the gun was reported stolen. Thus, the reference to the [text messages] shed little light on what happened the day of the arrest or the date the gun was stolen. What's more, any probative value was substantially outweighed by the risk of unfair prejudice. As the State was seeking to prove [Movant] possessed a firearm unlawfully on September 6, 2017—not August 29, 2017—the content of the [text messages] ran the risk of confusing the jury. Additionally, the content of the [text messages] involved [Movant] using expletives against Ms. Owens, *i.e.* calling her a "bitch." This language offered no probative value regarding the charges against [Movant]; it only served to inflame the emotions of the jury.

We disagree.

Movant's argument fails in the first instance because it incorrectly presumes the probative value of the text messages was "extremely low." Movant offers no explanation as to why the mere fact that certain events occurred on separate days somehow negates the probative value of this particular evidence. To the contrary, the import of the text messages was their timing in relation to other events. Specifically, sometime *after* a handgun was stolen, but *only a few days before* Movant was apprehended in possession of said handgun, the text messages revealed Movant intended, as evidenced by his *own* words, to get a "pistol" from Owens. The fact Movant sought a "pistol" within this relevant timeframe bore directly on, and is highly probative, of his mental state and subsequent possession.

Movant's prejudice argument likewise rests on incorrect premises. Movant argues that (1) because the date of the text messages preceded the date of the charged offense, the evidence "ran the risk of confusing the jury"; and (2) Movant calling Owens a "bitch" "only served to inflame the emotions of the jury." However, Movant offers no explanation as to how or why (1) the jury would have been confused when they were informed by the prosecutor as to the precise date that Movant sent the text messages; or (2) the jury's emotions would have been inflamed to such an

extent that the prosecutor's direct quotes of Movant's use of an expletive would outweigh the aforementioned highly probative value of the text messages.

In sum, this Court does not form a definite impression a mistake has been made by the motion court where, as here, trial counsel cannot be deemed ineffective for failing to raise a non-meritorious legal relevance objection.  *See **Shelton v. State***, 440 S.W.3d 464, 470 (Mo.App. 2014) ("Counsel has no duty to assert non-meritorious objections, and a failure to do so will not provide the basis for a claim of ineffective assistance.").  As such, there was no clear error, and Movant's sole point is denied.

## Decision

The motion court's judgment is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS