

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| TIMOTHY WALDORF, | ) | No. ED111167 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| vs. | ) | |
| | ) | Honorable Wendy W. Horn |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: August 1, 2023 |

### Introduction

Timothy Waldorf ("Movant") appeals the motion court's denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing following his guilty plea and sentence of twelve total years in the Missouri Department of Corrections for stealing, burglary, and property damage.[1] Movant raises one point on appeal, arguing the motion court clearly erred denying his motion without an evidentiary hearing because the record did not conclusively refute his claim that plea counsel was ineffective for failing to investigate a material witness. Because Movant failed to plead facts which, if true, would entitle him to relief the motion court's denial was not clearly erroneous.

We affirm.

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2021) unless otherwise indicated.

## Factual and Procedural Background

On August 27, 2021, Movant pled guilty to the class B felony of stealing a motor vehicle as a prior and persistent offender, the class D felony of burglary, the class D felony of stealing, and the class E felony of property damage. Movant's plea counsel entered his appearance on February 8, 2021. At the plea hearing, Movant admitted on October 19, 2020, he and two others approached a camper trailer owned by Brian Thebeau. He admitted he broke the door off and entered the camper trailer with the intent to steal. Movant stole personal property and televisions worth at least $750.00. Movant also admitted he took an off-road vehicle ("UTV") owned by Brian Thebeau. Movant waived his right to a sentencing assessment report and the trial court proceeded with a formal sentencing hearing.

The trial court accepted Movant's plea agreement and sentenced him to the Department of Corrections for twelve years for stealing a motor vehicle, ten years for burglary, five years for felony stealing, and seven years for property damage, all to be served concurrently. The trial court advised Movant of his postconviction rights under Rule 24.035. The trial court questioned Movant on the effectiveness of plea counsel and stated it found no evidence counsel was ineffective.

Movant timely filed his *pro se* motion on January 31, 2022. Motion counsel timely filed an amended motion alleging plea counsel was ineffective for failing to effectively investigate potential witness testimony and video evidence before advising Movant to plead guilty. Movant pled he notified plea counsel of potentially exonerating security footage and the witness possessing the footage would testify the footage is held for 60–90 days. Movant claims he told plea counsel the footage would show either: (a) the vehicle he later occupied never entered or exited Goose Creek, where the camper trailer was located, (b) if the vehicle entered or exited

2

Goose Creek it was not towing the stolen UTV, and (c) if the vehicle was seen entering and exiting Goose Creek towing the stolen UTV, Movant did not occupy the vehicle or the UTV.

The motion court found Movant failed to demonstrate he was prejudiced by plea counsel's failure to obtain security footage. The motion court pointed out Movant pled the witness will testify the footage is only available for 60–90 days, and plea counsel did not enter her appearance until February 9, 2021, which was 112 days after the incident. The motion court found Movant could not have been prejudiced by plea counsel's failure to obtain evidence that no longer existed. The motion court denied Movant's request for an evidentiary hearing and dismissed Movant's motion.

This appeal follows.

## Standard of Review

This Court's review of a denial of post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Dorsey v. State*, 448 S.W.3d 276, 282 (Mo. banc 2014); Rule 24.035(k). The motion court's findings are clearly erroneous when, after a review of the entire record, "the court is left with the definite and firm impression that a mistake has been made." *Dorsey*, 448 S.W.3d at 282. "We presume the motion court's findings and conclusions are correct." *Phillips v. State*, 635 S.W.3d 870, 873 (Mo. App. E.D. 2021).

## Discussion

### *Party Positions*

In his sole point on appeal Movant argues the motion court clearly erred in denying his motion without an evidentiary hearing because plea counsel acted unreasonably in failing to investigate a material witness willing to provide exonerating evidence. Movant contends he is

entitled to an evidentiary hearing because his attorney failed to investigate Goose Creek Security Supervisor, Michael Copeland, who Movant argues is a relevant witness whose identity and proposed testimony plea counsel was aware of, and was available to testify. *Morrow v. State*, 21 S.W.3d 819, 823 (Mo. banc. 2000), *as modified* (Aug. 1, 2000) (citing *State v. Jones*, 979 S.W.2d 171, 186–87 (Mo. banc. 1998)). Movant argues no attorney in the same or similar circumstances would have failed to investigate a witness possessing exonerating evidence.

Movant claims plea counsel's failure to investigate the footage was objectively unreasonable and fell below the accepted standards for the legal profession. Movant argues the motion court's finding the video evidence was no longer available after plea counsel entered her appearance in Movant's case is irrelevant to whether plea counsel acted reasonably in choosing not to contact the witness. *Hannon v. State*, 491 S.W.3d 234, 242–43 (Mo. App. E.D. 2016) (counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary). Movant argues there is nothing in the record before the motion court establishing plea counsel was reasonable in failing to contact the witness, so the motion court's finding plea counsel made a reasonable decision not to investigate the witness was clearly erroneous.

The State argues the motion court did not clearly err in denying Movant's motion because plea counsel was not ineffective. The State argues for Movant to succeed on a claim for ineffective assistance of counsel, Movant must show plea counsel knew or should have known of the witness's identity, the witness could have been located through reasonable investigation, the witness was willing to testify, and the testimony from the witness would provide Movant with a viable defense. *McIntosh v. State*, 413 S.W.3d 320, 328 (Mo. banc 2013). The State contends Movant did not plead facts showing the witness was willing to testify or showing the witness's

4

proposed testimony would have provided him with a viable defense. *Jones*, 979 S.W.2d at 187. The State reasons the surveillance video would not have been available 60–90 days after the crime, and plea counsel did not enter her appearance until after that period. The State asserts plea counsel cannot be deemed ineffective for failing to obtain evidence which did not exist. The State also argues Movant's claim is refuted by the record because, during the plea hearing, Movant recited and restated the factual basis for his plea, and he told the court there was nothing else he wanted his plea counsel to do for him.

*Analysis*

A motion court is only required to conduct an evidentiary hearing on a Rule 24.035 motion for postconviction relief when: "(1) movant alleges facts, not conclusions, which, if true, would entitle movant to relief; (2) the factual allegations are not refuted by the record; and, (3) the matters complained of prejudice the movant.'" *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo. App. W.D. 2001) (quoting *Loudermilk v. State*, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998)). "To prevail, [the movant] bears the burden of proof to establish each element of this three-prong test." *Id.*

"Criminal defendants have a Sixth Amendment right to effective assistance of counsel." *Phillips*, 635 S.W.3d at 874 (citing *Strickland v. Washington*, 466 U.S. 668, 669 (1984)). "To establish counsel was ineffective, movants must establish (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) counsel's errors were prejudicial." *Id.* (citing *Strickland*, 466 U.S. at 669). "In a guilty plea, a claim of ineffective assistance of counsel is immaterial 'except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made.'" *Id.* (quoting *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005)). "If the movant fails to

satisfy either the performance prong or the prejudice prong, we need not consider the other." *Lusk v. State*, 655 S.W.3d 230, 234 (Mo. App. E.D. 2022) (quoting *Farr v. State*, 408 S.W.3d 320, 322 (Mo. App. E.D. 2013)).

## 1. Ineffectiveness

To prove plea counsel was ineffective, Movant must show her representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. "We assess reasonableness under 'all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Hendricks v. State*, 663 S.W.3d 875, 881 (Mo. App. E.D. 2023), *reh'g and/or transfer denied* (Mar. 21, 2023), *transfer denied* (May 2, 2023) (quoting *Strickland*, 466 U.S. at 691).

It is unclear whether Movant argues plea counsel was ineffective for failing to investigate the potential witness testimony or failing to investigate the video evidence. In the interest of fairness to Movant, we will analyze plea counsel's effectiveness under both arguments.

## A. Failure to Investigate the Witness

If Movant argues plea counsel was ineffective for failing to investigate the witness, Movant must allege: "(1) counsel knew or should have known of the existence of the witness, (2) the witness could be located through a reasonable investigation, (3) the witness would testify, and (4) the testimony of the witness would have produced a viable defense." *Jones v. State*, 541 S.W.3d 694, 699 (Mo. App. W.D. 2018) (quoting *Hays v. State*, 360 S.W.3d 304, 309–10 (Mo. App. W.D. 2012)). "When the testimony of the witness would negate an element of the crime for which a movant was convicted, the testimony provides the movant with a viable defense." *Hays*, 360 S.W.3d at 310.

6

Movant argues plea counsel failed to investigate Michael Copeland. In the amended motion, Movant pled he informed plea counsel that Copeland was a relevant witness; plea counsel had access to the witness's contact information via discovery; and the witness would testify if asked. Movant pled the witness would testify "video surveillance cameras did exist at the entrance of Goose Creek and said cameras recorded and retained surveillance footage," the "Goose Creek security office retained surveillance video for approximately 60–90 days before deleting or overwriting the data," if "Goose Creek security received a formal request, it would have provided the requested evidence and testimony related thereto in Movant's criminal case," and "Plea Counsel never made any attempt to contact him to discuss the existence or functionality of surveillance cameras."

On appeal, Movant argues, "Mr. Copeland was ready and willing to offer testimony that [Movant] was not present at Goose Creek on the night in question," and Copeland would have been willing to testify "that he viewed the video surveillance on October 19, 2020." But in the amended motion, Movant did not plead Copeland would testify to Movant's whereabouts on the night of his arrest, nor did he plead Copeland would testify he viewed the video surveillance. "The purpose of an evidentiary hearing is not to provide a movant with an opportunity to produce facts not alleged in the motion[,]' but 'to determine if the facts alleged in the motion are true.'" *Polk v. State*, 605 S.W.3d 427, 433 (Mo. App. W.D. 2020) (quoting *Young v. State*, 466 S.W.3d 669, 674 (Mo. App. E.D. 2015)). The only testimony Movant pled Copeland would provide regarding the footage involves the existence of the camera, the functionality of the camera, and the security office's willingness to provide evidence and testimony.

For Movant to prove plea counsel was ineffective for failing to interview this witness, he had to prove Copeland's testimony would provide a viable defense. *Jones*, 541 S.W.3d at 699.

To provide a viable defense, Copeland's testimony had to negate the element of a charged crime. *Hays*, 360 S.W.3d at 310. Movant did not plead Copeland's testimony would describe Movant's whereabouts on the night of his arrest or describe the contents of the footage. Copeland's testimony about the position of a camera and length of time the security footage was stored does not negate any element of the crime of stealing, burglary, and property damage. *Id.* Plea counsel was not ineffective for failing to investigate the witness because Movant did not plead facts providing the witness's testimony would have produced a viable defense. *Id.*

## B. Failure to Investigate the Surveillance Video

If Movant argues plea counsel was ineffective for inadequately investigating the video footage, he "must specifically describe the information counsel failed to discover, allege that a reasonable investigation would have resulted in the information's discovery, and prove that the information would have aided or improved the movant's position." *Hendricks*, 663 S.W.3d at 881 (citing *Washington v. State*, 598 S.W.3d 656, 671 (Mo. App. E.D. 2020)).

Here, Movant describes the information plea counsel did not discover. Movant pled plea counsel should have contacted security at Goose Creek to obtain what he alleged is "exonerating security footage." Movant pled he told plea counsel about the footage, explained what the footage may show, and asked plea counsel to obtain the footage. Movant specifically described three alternative scenarios the surveillance video may have depicted and claimed each would be exonerating.

But Movant did not plead facts showing the information would have aided or improved the movant's position because, by Movant's own allegation, the video was deleted after 60–90 days. This period ended before plea counsel was assigned to the case. Had plea counsel attempted to obtain the footage, it would no longer have existed. Because the footage did not

8

exist, it would not aide or improve Movant's position or provide "exonerating evidence" supporting a viable defense. *Hays*, 360 S.W.3d at 310. Plea counsel was reasonable for not investigating the video footage because Movant cannot show the footage would have aided or improved his position. *Hendricks*, 663 S.W.3d at 881 (citing *Washington*, 598 S.W.3d at 671). Again, Movant failed to plead facts which, if true, would entitle him to relief. *Shackleford*, 51 S.W.3d at 128 (quoting *Loudermilk*, 973 S.W.2d at 553).

## 2. Prejudice

To establish ineffective assistance of counsel, Movant must also show plea counsel's errors were prejudicial. *Strickland*, 466 U.S. at 687. To prove prejudice, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Where plea counsel's alleged error is a "failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id.* Whether the evidence would have changed counsel's recommendation as to the plea "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*; *Strickland*, 466 U.S at 696. The *Hill* test for failure to investigate or discover potentially exculpatory evidence also applies to failure to investigate a witness. *Armour v. State*, 741 S.W.2d 683, 689 (Mo. App. E.D. 1987) (holding plea counsel's failure to investigate a witness did not prejudice the movant because the purported evidence from the witnesses' testimonies would not have affected counsel's plea recommendation).

9

Movant did not demonstrate prejudice under his claim of ineffectiveness of counsel because he did not show a reasonable probability he would have insisted on going to trial had plea counsel investigated Copeland or the security video. *Hill*, 474 U.S. at 59. Movant pled plea counsel's decision not to investigate Copeland, who would have only testified the surveillance video existed, prejudiced him because the witness would have provided exculpatory evidence. But Movant also pled the video would be deleted before plea counsel could have investigated the witness or the footage.

The motion court found Movant cannot be prejudiced by plea counsel's failure to obtain evidence that, by Movant's own admission, no longer existed when plea counsel was assigned to the case. We agree. Movant did not demonstrate prejudice under his claim of ineffectiveness of counsel due to plea counsel's failure to investigate evidence because Movant did not show the discovery of the footage "would have led counsel to change his recommendation as to the plea" because it could not have "changed the outcome of a trial." *Id.* Because the evidence was no longer available, there was no information to cause plea counsel to change her plea recommendation. Movant pled the footage would contain exculpatory evidence, but also pled the evidence would be deleted before plea counsel could have seen it.

Movant asserts the motion court's finding the video evidence was no longer available after plea counsel entered her appearance on Movant's case was "irrelevant" as to whether plea counsel acted reasonably in choosing not to contact the witness. But under *Strickland*, even if plea counsel acted unreasonably in not contacting the witness or investigating the video, Movant's claim fails because he did not demonstrate prejudice. 466 U.S. at 700. If the matters Movant complains of do not result in prejudice, he is not entitled to an evidentiary hearing. *Yates*

*v. State*, 623 S.W.3d 184, 194 (Mo. App. E.D. 2021) (*citing Reliford v. State*, 186 S.W.3d 301, 304 (Mo. App. E.D. 2005)).

Point I is denied.

## Conclusion

Finding no clear error, we affirm.

_____
Philip M. Hess, Judge

Kelly C. Broniec, C.J., and
James M. Dowd, J. concur.